IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

THE LAW OFFICES OF )
WILLIAM M. GILLEN P.C., )
on behalf of Plaintiff and a class, )
)
       Plaintiff, )
)
vs. )
)
ASCEND FINANCE CORPORATION, )
)
       Defendant. )

## COMPLAINT – CLASS ACTION

1. Plaintiff The Law Offices of William M. Gillen P.C. brings this action to secure redress for unfair trade practices engaged in by Defendant Ascend Finance Corporation in violation of (a) the Lanham Act, 15 U.S.C. §1125 and (b) state statutes prohibiting deceptive trade practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. §1121 (Lanham Act), 28 U.S.C. §1331 (general federal question), 28 U.S.C. §1337 (interstate commerce) and 28 U.S.C. §1367 (supplemental jurisdiction).

## PARTIES

3. Plaintiff The Law Offices of William M. Gillen P.C. is a law firm organized as a New Hampshire professional corporation with offices at 913 Elm Street, #511a, Manchester, NH 03101. Its practice is concentrated in bankruptcy law, and is well established in the bankruptcy field. Plaintiff has an interest in protecting its name and reputation in the legal community and among consumers.

4. Defendant Ascend Finance Corporation ("Ascend") is a Delaware corporation with a principal place of business in California.

## FACTS

5. Defendant operates the website http://www.tryascend.com.

1

6. Defendant's website lists bankruptcy attorneys for various states and cities, for example: https://tryascend.com/bankruptcy/new-hampshire/manchester/bankruptcy-attorney

7. The above article found on Defendant's website lists bankruptcy attorneys servicing Manchester, New Hampshire, and contains a link for consumers to click for a "free consult" or to "get phone" for each attorney listed. (Exhibit 1).

8. The above article appears in the search results when you search find Manchester, New Hampshire Bankruptcy attorneys or other similar searches. (Exhibit 2). Similar articles are generated if you search a different location. (Exhibit 3).

9. The Ascend website does not explain the basis for the ratings, and number of reviews that appear in its lists of attorneys. On information and belief, the ratings have no basis in facts, and attorneys who are actually associated with the Ascend network are given higher ratings.

10. Almost all of the attorneys on the page have nothing to do with Ascend. Many, including Plaintiff are among the more respected bankruptcy attorneys in their communities.

11. If a consumer clicks on the email or phone number for an attorney's name, he or she is placed in contact with Ascend, not the attorney on whom the consumer clicked. The only phone number provided when "get phone" is clicked is an Ascend number, not the attorney's own phone number.

12. Ascend then refers the consumer to such other attorneys as it desires, presumably because the attorney has entered into a business relationship with Ascend, rather than the attorney selected.

13. Consumers who click on the entry for one attorney are thereby diverted to another attorney, associated with Ascend, thus taking business away from the attorney whose name Ascend is using to do so. Ascend is thus attempting to free-ride on the goodwill and reputation of Plaintiff and other bankruptcy attorneys they list on their pages, and divert Plaintiff's potential clients to its own network.

14. On information and belief the attorneys associated with Ascend pay Ascend for every client referral they obtain in this manner.

15. Ascend generates similar lists for other zip codes, depending on what zip code the consumer enters, but in all cases, the attorney's own contact information and phone numbers are not provided. For example:

https://tryascend.com/bankruptcy/new-jersey/newark/bankruptcy-attorney
https://tryascend.com/bankruptcy/new-york/new-york/bankruptcy-attorney
https://tryascend.com/bankruptcy/new-jersey/jersey-city/bankruptcy-attorney
https://tryascend.com/bankruptcy/california/los-angeles/bankruptcy-attorney
https://tryascend.com/bankruptcy/california/el-segundo/bankruptcy-attorney
https://tryascend.com/bankruptcy/california/long-beach/bankruptcy-attorney
https://tryascend.com/bankruptcy/california/anaheim/bankruptcy-attorney
https://tryascend.com/bankruptcy/illinois/chicago/bankruptcy-attorney
https://tryascend.com/bankruptcy/florida/winter-haven/bankruptcy-attorney
https://tryascend.com/bankruptcy/illinois/naperville/bankruptcy-attorney
https://tryascend.com/bankruptcy/texas/houston/bankruptcy-attorney
https://tryascend.com/bankruptcy/california/pasadena/bankruptcy-attorney
https://tryascend.com/bankruptcy/district-of-columbia/washington/bankruptcy-attorney
https://tryascend.com/bankruptcy/virginia/arlington/bankruptcy-attorney
https://tryascend.com/bankruptcy/pennsylvania/philadelphia/bankruptcy-attorney
https://tryascend.com/bankruptcy/delaware/dover/bankruptcy-attorney
https://tryascend.com/bankruptcy/new-jersey/camden/bankruptcy-attorney
https://tryascend.com/bankruptcy/georgia/roswell/bankruptcy-attorney
https://tryascend.com/bankruptcy/florida/miami/bankruptcy-attorney
https://tryascend.com/bankruptcy/florida/fort-lauderdale/bankruptcy-attorney

https://tryascend.com/bankruptcy/arizona/phoenix/bankruptcy-attorney

https://tryascend.com/bankruptcy/arizona/chandler/bankruptcy-attorney

https://tryascend.com/bankruptcy/massachusetts/boston/bankruptcy-attorney

https://tryascend.com/bankruptcy/massachusetts/lawrence/bankruptcy-attorney

https://tryascend.com/bankruptcy/california/ontario/bankruptcy-attorney

https://tryascend.com/bankruptcy/california/oakland/bankruptcy-attorney

https://tryascend.com/bankruptcy/california/san-francisco/bankruptcy-attorney

https://tryascend.com/bankruptcy/michigan/detroit/bankruptcy-attorney

16. In some instances Defendant includes the "National Association of Consumer Bankruptcy Attorneys" ("NACBA") in its list of attorneys, although, once again, clicking on free consult or get phone will only provide Ascend's contact information. https://tryascend.com/bankruptcy/district-of-columbia/washington/bankruptcy-attorney On information and belief, Defendant has no association with NACBA and did not obtain its permission to do so.

17. By doing this, Ascend:

   a. Creates confusion and deception as to the affiliation, connection or association of Ascend with the attorneys listed;

   b. Falsely represents to consumers that it has the approval or sponsorship of each of the attorneys listed;

   c. Uses the name of the attorneys listed to generate business for Ascend and attorneys who have elected to do business with Ascend.

   d. Causes commercial injury to Plaintiff and other bankruptcy attorneys by using their firm names and reputations to generate business for itself, and harming their goodwill and reputation.

4

18. Plaintiff did not agree to any sort of business relationship with Ascend.

19. Plaintiff believes that consumers who have sought to do business with him have been diverted to other attorneys associated with Ascend.

20. Plaintiff is likely to be damaged by Ascend's practice in the future.

## CLASS ALLEGATIONS

21. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(2).

22. The class consists of (a) all persons and firms (b) listed by Ascend under its listings for bankruptcy attorneys (c) who have not agreed to a business relationship with Ascend.

23. Plaintiff may alter the class definition to conform to developments in the case and discovery.

24. On information and belief, based on the number of attorneys listed on Defendant's website, there are more than 40 class members, and the class is so numerous that joinder of all members is not practicable.

25. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

   a. Whether Defendant engages in the practice described:

   b. Whether such practice violates the Lanham Act;

   c. Whether such practice violates state deceptive trade practice statutes.

26. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

27. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions.

28. Defendant has acted in a uniform manner with respect to Plaintiff and each class

member.

29.     Final injunctive or corresponding declaratory relief is appropriate with respect to Plaintiff and the class as a whole.

## COUNT I – LANHAM ACT

30.     Plaintiff incorporates paragraphs 1-29.

31.     The Lanham Act, 15 U.S.C. §1125, provides:

**False designations of origin, false descriptions, and dilution forbidden**

(a)     Civil action.

    (1)     Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

        (A)     is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, . . . .

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act. . . .

6

32.   15 U.S.C. §1117 provides:

Recovery for violation of rights

(a)   Profits; damages and costs; attorney fees. When . . . a violation under section 43(a) or (d) [15 USCS § 1125(a) or (d)] . . . shall have been established in any civil action arising under this Act, the plaintiff shall be entitled, subject to the provisions of sections 29 and 32 [15 USCS §§ 1111, 1114], and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

7

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

 i. A declaration that Defendant is not entitled to list attorneys on its website and have persons who click on the attorney's listing contact Defendant rather than the attorney listed;

 ii. An injunction restraining Defendant from listing attorneys on its website and having persons who click on the attorney's listing contact Defendant rather than the attorney listed;

 iii. An accounting of the number of consumers who clicked on a non-Ascend affiliated attorney for whom Ascend received a referral fee from an Ascend affiliated attorney;

 iv. Actual damages;

 v. Attorney's fees, litigation expenses and costs of suit;

 vi. Such other and further relief as the Court deems proper.

## COUNT II – DECEPTIVE TRADE PRACTICES

33. Plaintiff incorporates paragraphs 1-29.

34. Most states have enacted statutes specifically prohibiting causing a likelihood of confusion or of misunderstanding as to the affiliation, connection or association with another, either by enacting the Uniform Deceptive Trade Practices Act, or by including such a prohibition in its consumer fraud statute.

35. The New Hampshire statute is N.H. Rev. Stat. Ann. § 358-A:2(III).

36. Other such statutes are:

 a. Alabama: Ala. Code § 8-19-5;

 b. Arkansas: Ark. Code Ann. § 4-88-107;

 c. Connecticut: Conn. Gen. Stat. § 42-110b;

  d. Delaware: 6 Del. C. § 2532;

  e. Georgia: Ga. Code Ann. § 10-1-372;

  f. Hawaii: Haw. Rev. Stat. Ann. § 481A-3;

  g. Idaho: Idaho Code § 48-603;

  h. Illinois: 815 ILCS 510/2;

  i. Maine: Me. Rev. Stat. tit. 10, § 1212;

  j. Minnesota: Minn. Stat. Ann. § 325D.44;

  k. Nebraska: Neb. Rev. Stat. Ann § 87-302;

  l. Nevada: Nev. Rev. Stat. Ann. § 598.0915;

  m. Northern Marianas Islands: 4 N. Mar. I. Code § 5105;

  n. Ohio: Ohio Rev. Code Ann. § 4165.02;

  o. Oklahoma: Okla. Stat. tit. 78, § 53;

  p. Oregon: Or. Rev. Stat. Ann. § 646.608;

  q. Pennsylvania: 73 Pa. Stat. Ann. § 201-2;

  r. Rhode Island: R. I. G. L. § 6-13.1-1;

  s. Tennessee: Tenn. Code Ann. § 47-18-104;

  t. Texas: Tex. Bus. & Com. Code § 17.46;

  u. Utah: Utah Code Ann. § 13-11a-3;

  v. West Virginia: W. Va. Code § 46A-6-102;

37. Defendant has violated each of these statutes by engaging in the above practices.

38. Other states have enacted statutes prohibiting unfair methods of competition and unfair or deceptive trade practices.

39. Defendant's activities are an unfair method of competition.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

    i.    A declaration that Defendant is not entitled to list attorneys on its website and have persons who click on the attorney's listing contact Defendant rather than the attorney listed;

    ii.    An injunction restraining Defendant from listing attorneys on its website and having persons who click on the attorney's listing contact Defendant rather than the attorney listed;

    iii.    An accounting of the number of consumers who clicked on a non-Ascend affiliated attorney for whom Ascend received a referral fee from an Ascend affiliated attorney;

    iv.    Actual damages;

    v.    Attorney's fees, litigation expenses and costs of suit;

    vi.    Such other and further relief as the Court deems proper.

                                */s/ Richard D. Gaudreau*
                                  Richard D. Gaudreau

Richard D. Gaudreau, NH Bar No. 6837
**RICHARD D. GAUDREAU ATTORNEY AT LAW, P.C.**
395 Main Street
Salem, NH 03079
(603) 893-4300

pro hac vice to be applied for:

Christopher M. Lefebvre
**THE CONSUMER AND FAMILY LAW CENTER OF**
**CLAUDE F. LEFEBVRE & CHRISTOPHER M. LEFEBVRE, P.C.**
P.O. Box 479
Two Dexter Street
Pawtucket, Rhode Island 02862
(401) 728-6060
(401) 728-6534 (FAX)

pro hac vice to be applied for:

Daniel A. Edelman (IL ARDC 0712094)

Tara L. Goodwin (IL ARDC 62970473)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com